Arnold L. Fein, J.
Plaintiff’s motion for a preliminary injunction and defendants’ cross motion to dismiss the complaint seeking a declaratory judgment are considered together.
Plaintiff, an unincorporated .association composed of members of the Police Department assigned to traffic duty, moves to enjoin the implementation of Local Laws, 1973, No. 48 of City of New York, adopted July 31, ,1973, in this action for a declaratory judgment that the law is null and void. This amendment to the New York City Charter amends subdivision 2 of section 2103 of the charter by adding to the duties of the Transportation Administration the control of the movement of pedestrian and vehicular traffic and authorizes the issuance by its employees of tickets, summonses and complaints for traffic infractions and also simplified traffic information and appearance tickets for traffic infractions, misdemeanors ¡and violations under traffic laws. It empowers the hiring and training of personnel for the performance of these traffic duties and grants to the Transportation Administration concurrent jurisdiction in traffic control with the Police Department.
Plaintiff contends that the Local Law is null and void because it unlawfully confers on the Transportation Administration and its employees authority to engage in “ Police (I. E. ‘ Traffic ’) Duties
*630 Plaintiff operates on the completely false premise that ‘ ‘ Police Duties ” as they relate to traffic were a function of the Police Department alone prior to Local Law 48, or that the issuance of an appearance ticket for the infraction or violation of a law or regulation was restricted to members of the Police Department. Section 58 of the New York City Criminal Court Act enumerates the following city and other agencies with the power to serve and verify appearance tickets: .subdivision (2), Environmental Protection Administration (sanitation); subdivision (3), Port of New York Authority; subdivision (4), Transit Police Force; subdivision (5), Fire Department; subdivision (6), Department of Buildings; subdivision (7), Triborough Bridge and Tunnel Authority; subdivision (8), Transportation Administration-, subdivision (9), Bureau of Franchises, Board of Estimate; subdivision (10), Environmental Protection Administration (air pollution); subdivision (11), Department of Consumer Protection (weights and measures); subdivision (12), Health Services Administration; subdivision (14), Parks, Recreation and Cultural Affairs Administration; subdivision (15), Housing Police Force; subdivision (16), Department of Taxation and Finance; subdivision (17), Environmental Protection Administration (noise control). (Emphasis supplied.)
CPL 150.20 (subd. 3) states: “ 3. A public servant other than a police officer, who is specially authorized by law to issue and serve appearance tickets with respect to designated offenses of less than felony grade, may in such cases issue and serve upon a person an appearance ticket when he has reasonable cause to believe .that such person has committed a misdemeanor, or has committed a petty offense in his presence. ’ ’
It is clear the State Legislature intended to authorize the issuance of appearance tickets by nonpolice personnel. It did not, as plaintiff contends, intend to limit such duties with respect to traffic control to police department personnel. Other sections of the Criminal Procedure Law demonstrate that public servants other than police officers may be authorized to issue such process. (CPL 100.10, 110.10, 150.10 and 150.20, subd. 3.)
Local Law 48, under attack, amending- section 2103 (subd. 2) of the New York City Charter was adopted pursuant to the authority vested in the City Council by chapter 2 (§ 42) of the charter.
The powers vested in the Police Department by chapter 18 (§ 435, subd. a) of the City Charter are not exclusive with respect to the enforcement and the prevention of the violation *631 of laws and ordinances in force in the city where the charter itself or other legislation lawfully confers specific power to enforce such laws on other agencies of the city having regulatory functions. The authority of such agencies with respect to traffic control and other local laws, long antedating Local Law 48, demonstrates that there is no invalidity in Local Law 48.
Plaintiff has failed to show that it is unlawful for the City Council to confer concurrent power to control vehicular traffic and to act in related areas upon the Police Department and duly authorized civilian employees of other agencies of the city government such as the Transportation Administration.
Even if this poses a threat to plaintiff association, which has not been demonstrated, such threat is not a basis for nullifying the duly enacted amendment to the charter. An unincorporated association, such as plaintiff, has standing before this court and a right to preserve its existence as long as its function survives. However, neither it nor its members have a right to determine who shall control traffic. The members of plaintiff association at no time have had the sole right to the performance of this function. Nor does any individual member of the association or of the Police Department have such right.
Pursuant to section 434 of the New York City Charter, the Police Commissioner must (determine the manpower needs of the department and assign such manpower accordingly. It is neither the function of the plaintiff nor of the court to administer the Police Department or the control of traffic.
In the absence of the violation of express provisions of law or the arbitrary application of such power, the assignment and transfer of members of the Police Department is the function of the Police Commissioner. Police officers are required to serve when and where they are needed as determined by their superiors. Large numbers of officers are shifted from traffic to other police duties constantly. No police officer has a vested right to traffic duty. The jobs of plaintiff’s members are not jeopardized. This law does not and cannot interfere with their tenure.
The court will not interfere with the determination of the City Council that the public good will be served by granting jurisdiction to the Transportation Administration with respect to traffic control concurrent with the Police Department.
The granting of concurrent jurisdiction to the Police Department and the Transportation Administration will permit more advantageous use of the personnel of both agencies. It is obvious that this will increase the personnel available for traffic *632 control and free highly trained and skilled police officers for other police duties.
The complaint fails to state a cause of action. CPLR 3211 (subd. [a], par. 7) permits dismissal of a complaint prior to service of an answer where the complaint fails to state a cause of action. However, in an action for a declaratory judgment, the court is required to declare the rights of the parties.
Accordingly, plaintiff’s motion for a preliminary injunction is denied and the cross motion to dismiss is granted only to the extent of declaring that Local Laws, 1973, No. 48 of City of New York, amending section 2103 (subd. 2) of the City Charter were duly and lawfully adopted and are valid and enforceable and lawfully confer concurrent jurisdiction over traffic control on the Transportation Administration.